IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMY CORNELL JONES
ADC #138057                                                                                      PLAINTIFF

V.                        CASE NO. 4:20-CV-923-DPM-BD

ARKANSAS DEPARTMENT OF
CORRECTION                                                                                       DEFENDANT

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

This Recommendation has been sent to Chief Judge D.P. Marshall Jr. Mr. Jones may file objections if he disagrees with the findings or conclusions set out in the recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Jones does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

II.  **Discussion**

Mr. Jones is currently an inmate in the Crittenden County Detention Center (Detention Center). He filed this lawsuit without the help of a lawyer; and he is proceeding *in forma pauperis*.

According to allegations in the complaint, in March or April of 2015, Mr. Jones told Arkansas Division of Correction (ADC) staff that he needed to see a doctor for

problems he was experiencing with his eyes. (Doc. No. 1) He states that ADC staff transported him to the Jones Eye Center at UAMS where he was diagnosed with an eye disease and treated with medication and dark glasses. In this lawsuit, Mr. Jones seeks compensation from the ADC for "pain and suffering and P.T.S.D." related to his eye disease. (Doc. No. 1)

As an initial matter, the ADC is not an entity that can be sued in a civil rights case such as this; and the ADC is the only named Defendant. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dep't of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004) (the state and its agencies, such as a department of correction, are not "persons" amenable to suit under § 1983 for damages or injunctive relief.)

Setting that aside, even if Mr. Jones had named individual defendants, he has not stated facts showing that anyone at the ADC was deliberately indifferent to his serious medical needs. There is no doubt that Mr. Jones's eye condition is a serious matter, but as he states in his complaint, ADC staff did not ignore his needs; rather, they transported him to an eye clinic where he was examined, diagnosed, and treated. There is no allegation that any ADC staff member deliberately disregarded his need for medical help. Furthermore, even if there were allegations of deliberate indifference, claims from 2015 would be barred by the three-year statute of limitations applicable in civil rights cases.

### III.   Conclusion

Mr. Jones's claims against the ADC should be DISMISSED, with prejudice, for failure to state a federal claim for relief. The dismissal should count as a "strike" for purposes of the Prison Litigation Reform Act.

DATED this 3rd day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE